# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
### 401 Market Street
### P.O. BOX 2067
### CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

August 19, 2014

(856) 361-2320

**NOT FOR PUBLICATION**

Jean Marino
1330 Lombard Street
Philadelphia, PA 1914

Robert A. Loefflad, Esquire
Ford Flower Hasbrouck & King
Central Square, Suite 42A
P.O. Box 405
Linwood, NJ 08221

Re:   Jean Marino v. Daniel J. Marino, Jr.
      Adv. Pro. 14-1345-ABA

Dear Ms. Marino and Mr. Loefflad:

This matter was originally brought before the court on June 30, 2014 by the debtor/defendant Daniel J. Marino, Jr. through his Motion to dismiss the above-referenced Adversary Proceeding in its entirety (the "Motion") - Document No. 9 on the Court's Docket. And for the reasons set forth on the record on June 30, 2014: the court dismissed the portions of plaintiff Jean Marino's Adversary Complaint seeking to determine her claim against Mr. Marino as non-dischargeable under 11 U.S.C. §§ 523(a)(4) and (6); gave Mrs. Marino the opportunity to amend her Adversary Complaint under 11 U.S.C. §523(a)(2) by July 18, 2014; and carried the Motion as to the §523(a)(2) claim to July 22, 2014. Thereafter, Mrs. Marino filed an amended complaint on July 15, 2014, Document No. 12 on the Court's Docket ("Amended Complaint"). On July 22, 2014, both Mrs. Marino and Mr. Marino, through counsel, appeared and argued their cases. The following constitutes the court's findings of facts and conclusions of law.

## Findings of Fact

This adversary proceeding alleging nondischargeability is based upon the prepetition judgment obtained by Mrs. Marino against Mr. Marino in the Court of Common Pleas, Philadelphia County. In the complaint in the Common Pleas matter (attached as part of Document No. 1 on the Court's Docket ("State Court Complaint"), Mrs. Marino pled actions in breach of contract and unjust enrichment. She alleged that she and Mr. Marino entered into an oral agreement for an interest free loan of $60,937 that Mr. Marino agreed he would repay in full following the sale of real property owned by him. State Court Complaint, ¶¶ 5-7. She stated that he made partial repayment of $5,000, but had failed to pay the remaining amount due despite repeated requests for repayments, leaving $55,937 owing. State Court Complaint, ¶¶ 10-12. The state court awarded Mrs. Marino $56,200 plus interest and costs.

On January 14, 2014, Mr. Marino filed a chapter 7 no asset case. On March 31, 2014, Mrs. Marino filed this Adversary Proceeding alleging that the state court judgment should be

held nondischargeable pursuant to section 523(a)(2), (4) and (6). Document No. 1 on the Court's Docket, ¶¶ 23-24. She alleged that "Defendant's actions or lack of action is a direct result of Plaintiff's indigence" and that his actions "which caused the Plaintiff punitive damages are willful and malicious within the meaning of [section 523(a)(6)]." Document No. 1 on the Court's Docket, ¶¶ 22, 24. Mr. Marino filed an answer on April 2, 2014 and the Motion on May 21, 2014.

After a hearing held on June 30, 2014 on the motion to dismiss the court dismissed the counts under section 523(a)(4) and (6) as not stating a cause of action. The court allowed Mrs. Marino to amend her complaint to allege her claim under section 523(a)(2)(A) with more particularity.

In the Amended Complaint Mrs. Marino, again alleged that she loaned her son the money from the sale of her house, to be paid back after the debtor sold his house the following year. Amended Complaint, ¶ 23. After Mr. Marino sold his house, Mr. Marino called his mother, told her he had the money that she loaned him, and asked her what she wanted him to do with it. *Id.*, at ¶ 24. Mrs. Marino told Mr. Marino to hold the money for her in his bank account, saying when he expressed surprise at this, "Well, you're my son! I trust you to hold the money." *Id.* Mr. Marino replied "Ma, I will do anything for you! If anything happens to you, I will be there to take care of you." *Id.* Mrs. Marino replied "Okay, when I need the money you can send it to me." *Id.*

Mrs. Marino further alleged that she "relied on these statements to be true and honest. Defendant made plaintiff believe that she would have no worry as to the money being used for any other purpose other than her financial needs." *Id.*, at ¶ 25. She alleged that Mr. Marino repeated his promise to take care of her over the "ensuing" months. *Id.*

Mrs. Marino would periodically ask Mr. Marino to send her money from this fund. *Id.*, at ¶ 27. After Mr. Marino moved to Somers Point, New Jersey, Mrs. Marino asked for $1,000. *Id.*, at ¶ 27. Mr. Marino sent it after asking what it was for. *Id.*[1] She replied "Just send me the money, I need it. It is my money, just send it." *Id.* This occurred three more times, with Mr. Marino questioning the use of the money, but sending it to her. *Id.* On October 3, 2009, he gave her $5,000. *Id.*, at ¶ 18.

But at some later time, when Mrs. Marino again asked for some of her money, Mr. Marino asked her what it was for, and Mrs. Marino stated she needed it for his son's wedding. *Id.*, at ¶ 27. The two argued, and Mrs. Marino demanded all of her money back, but Mr. Marino replied "The money is gone." *Id.*

In this proceeding, Mrs. Marino alleged that Mr. Marino continually made false statements to her from 2005 to 2010 about always taking care of her, upon which she justifiably relied to her injury as he had no intent of repaying the money, thus she requests that the court declare the debt to be nondischargeable pursuant to section 523(a)(2)(A). *Id.*, at ¶ 28.

Specifically, she alleged:

28. Plaintiff contends that for a period of approximately five years, from 2005 to 2010, defendant continually intended to deceive plaintiff. More specifically, from the time

---

[1] This contradicts Mrs. Marino's allegation in the state court complaint that Mr. Marino only repaid $5,000 of the money owed.

defendant lived in Missouri up to and including his relocation to Somers Point, New Jersey, plaintiff knew his statements to be false and dishonest.

29. Plaintiff further contends that defendant made statements of material misrepresentation by knowingly spending money that was to be to be held in trust for his mother's retirement and not disclosing material facts that he had been using this money for his own personal use and enjoyment. Plaintiff further contends that she relied on defendant's statements as previously set forth to be true and honest. . . .

31. Defendant falsely represented to plaintiff that her money was safe and continued to do so for an extended period of time in his statements as set forth in paragraphs 23 through 31 of this amended complaint. Defendant intended to deceive plaintiff and his actions have directly caused harm to Plaintiff resulting in Plaintiff's indigence, anxiety, and stress all contributing to her compounded, ailing health from high blood pressure, kidney disease, and cancer recovery.

*Id.*, at ¶¶ 28, 29, 31.

Mrs. Marino further alleged in support that, in front of the arbitration panel in connection with her state court lawsuit, Mr. Marino stated that since the money came from Mrs. Marino's sale of the family home, Mr. Marino considered the money his inheritance. *Id.*, at ¶ 30.

### Conclusions of Law

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 9 requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The Supreme Court of the United States described the pleading standard required to withstand a motion to dismiss as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) . . . ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote omitted).

The Supreme Court furthered explained the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The Third Circuit instructs that courts should conduct a two-part analysis in reviewing a motion to dismiss: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation omitted). The court must then engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

The elements of section 523(a)(2)(A) must be established by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). Generally, the provisions of section 523(a) are "strictly construed against creditors and liberally construed in favor of debtors," owing to the overriding bankruptcy purpose of granting debtors a fresh start. *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995). The elements that must be proven for fraud under section 523(a)(2) are:

> (1) the debtor obtained money, property or services through a material misrepresentation;
> (2) the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;
> (3) the debtor intended to deceive the creditor;
> (4) the creditor [justifiably] relied on the debtor's false representations; and
> (5) the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.

*In re Karpo*, 2011 WL 3034486, at *6 (Bankr. D.N.J. July 22, 2001) (citing *De La Cruz v. Cohen (In re Cohen)*, 191 B.R. 599, 604 (D.N.J. 1996), *aff'd*, 106 F.3d 52 (3d Cir. 1997), *aff'd*, 523 U.S. 213 (1998) (internal citations omitted)).

As already stated, Mrs. Marino alleges that Mr. Marino made false statements to her from 2005 to 2010 about always taking care of her, upon which she justifiably relied to her injury as he had no intent of repaying the money. Thus Mrs. Marino understood the representation about taking care of her as a promise to use her money in his possession to take care of her. She alleges she justifiably relied on the representations because Mr. Marino is her son.

However, even accepting as true all of the factual allegations contained in the Amended Complaint as required by the *Iqbal* case, Mrs. Marino's fact allegations contradict her legal theory. First, she states that it was her idea to have her son hold the money in his bank account, and that she trusted him to do so. It was only then, she alleges, that Mr. Marino stated that he would always be there to take care of her. Even if she originally intended Mr. Marino to pay back all of the money when he sold his house, she voluntarily changed this arrangement when he was ready to comply with that agreement. Thus, he did not originally obtain the money owing due to a false representation.

Moreover, Mrs. Marino stated that she trusted Mr. Marino to hold the money because he was her son, rather than because of any representation he made. She alleged in the Amended Complaint: "Defendant replied in a surprising tone 'You want me to hold it?' Plaintiff replied 'Well, you're my son! I trust you to hold the money.'" The representation that he would always take care of her was not a prerequisite for him obtaining the funds thus contradicting her allegation that having him take care of her was her intent for the money.

Finally, the fact that Mr. Marino returned some money to his mother refutes that he intended after selling his property to never repay the loan. *See Field v. Mans*, 516 U.S. 59, 67 (1995) (stating that there must be a "causal connection" between the misrepresentation and the transfer of value).

The Amended Complaint suggests that Mrs. Marino and Mr. Marino had a falling out years after the arrangement, causing Mr. Marino to refuse to disburse any more of his mother's money, but to keep it for himself: a breach of contract maybe, but not fraudulent.

As no plausible claim for relief has been alleged even after given the opportunity to amend the complaint, this court will grant Mr. Marino's motion to dismiss the count alleging nondischargeability pursuant to section 523(a)(2)(A).

One administrative issue must be addressed. In filing her complaint, Mrs. Marino apparently selected in the court's filing system that the complaint was filed, in addition to the section 523 counts, for claims under section 727. The court believes that this selection was made in error. Nevertheless, having considered the pleadings, the court finds that there is no basis for relief under section 727.

As no counts remain, the court will dismiss this adversary proceeding in its entirety.

The court reserves the right to supplement the findings of fact and conclusions of law.

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge